Douglass brought an action at law against Mathews and filed his declaration, to which Mathews demurred. During the pendency of the action at law, and indeed before the demurrer had been determined, Whiteside, on behalf of Mathews, and upon a bill filed for that purpose, moved the court for an injunction.
Dickinson, on behalf of the plaintiff at law, objected to an injunction being granted unless the complainant would confess a judgment.
An injunction generally operates as a release of errors, but if it be granted, as this case now stand's, it will not so operate here. Suppose the injunction is granted to stay the proceedings at law, and ultimately there would be a decree against the complainant? He may still go on and, if the declaration is defective, prevent the recovery of *Page 137 
the claim or at least delay it, without any pretence founded in justice. And besides, should the demurrer be decided against him, he might prosecute a writ of error. We therefore will not grant the injunction, unless the complainant will confess a judgment at law. And it was done accordingly.